Spencer C. Skeen (Bar No. 182216)
B. Allison Borkenheim (Bar No. 230318)
Marsha Amin (Bar no. 238820)
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Defendant,
YING LI RESTAURANT

FILED
2008 JUL 11 PM 3:00
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

NONI GOTTI,

    Plaintiff,

v.

YING LI RESTAURANT; and DOES 1 THROUGH 10, Inclusive,

    Defendants.

Case No.: 08 CV 1250 JLS AJB

NOTICE OF REMOVAL OF ACTION

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant YING LI RESTAURANT hereby removes to this Court the State Court action described below.

1.  On May 20, 2008, an action was commenced against Defendants YING LI RESTAURANT; and DOES 1 THROUGH 10, Inclusive, in the San Diego County Superior Court, South County Division, bearing case number 37-2008-00070671-CU-CR-SC, and captioned NONI GOTTI, Plaintiff, v. YING LI RESTAURANT; and DOES 1 THROUGH 10, Inclusive.

2.  On June 11, 2008, service of the summons and complaint was made on Defendant YING LI RESTAURANT, true and correct copies of which are attached hereto as Exhibit A and incorporated by reference. No further proceedings have been had in the state court action.



1   3.   The above-described action is a civil action of which the District Court has original jurisdiction under the provisions of 42 United States Code section 12101, et seq. (The Americans With Disabilities Act), and is one that may be removed to the United States District Court by Defendants pursuant to 28 United States Code section 1441, according to the following facts:  It appears from the face of Plaintiff NONI GOTTI's complaint that the civil action arises under the Americans With Disabilities Act, 42 United States Code sections 12182 and 12183, by virtue of alleged discriminatory actions in public accommodations by Defendants, to wit, facilities owned by Defendants are alleged to have impaired or hindered access.

WHEREFORE, Defendants pray that the above action now pending in the Superior Court of California, County of San Diego, South County Division, be removed therefrom to this United States District Court.

DATED: July 11, 2008

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: _____Marsha_____
Spencer C. Skeen (Bar No. 182216)
B. Allison Borkenheim (Bar No. 2303180)
Marsha Amin (Bar No. 238820)
Attorneys for Defendant, YING LI RESTAURANT.

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
YING LI RESTAURANT; and DOES 1 THROUGH 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
NONI GOTTI

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

08 MAY 20 PM 4:20

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:   San Diego Superior Court
*(El nombre y dirección de la corte es):*

South County Regional Center
500 3rd Avenue, Chula Vista, California 91910

CASE NUMBER
*(Número del Caso):* 37-2008-00070671-CU-CR-SC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Theodore A. Pinnock, Esq.  Bar #: 153434; David C. Wakefield, Esq.  Bar #: 185736; Michelle Wakefield, Esq.  Bar #: 200424
3033 Fifth Avenue, Suite 410 San Diego, CA 92103

DATE: MAY 2 0 2008                           Clerk, by  J. Metz                                , Deputy
*(Fecha)*                                    *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

(SEAL)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): **Ying Restaurant**
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 6-11-08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure
§§ 412.20, 465

**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.    Bar #: 153434
David C. Wakefield, Esq.     Bar #: 185736
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
Telephone: 619.858.3671
Facsimile: 619.858.3646

Attorneys for Plaintiff

FILED
08 MAY 20 PM 4:20
SAN DIEGO [illegible]

YING LI
342 W SYB

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| NONI GOTTI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>YING LI RESTAURANT; And DOES 1 THROUGH 10, Inclusive<br><br>　　　　　Defendants. | Case No. 37-2008-00070671-CU-CR-SC<br><br>**CIVIL COMPLAINT: DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**<br>[42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1, 54.3]<br><br>**UNLIMITED CIVIL CASE – PERMANENT INJUNCTIVE RELIEF** |

### NAMED DEFENDANTS AND NAMED PLAINTIFF

1. Plaintiff is informed, believes and thereon alleges that Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiff is informed and believes and thereon alleges that Defendant YING LI RESTAURANT is the owner, operator, and/or lessor/lessee of the real property and the public accommodation located thereon at the Property Address: 342 W SAN YSIDRO BLVD, SAN YSIDRO, CA 92173-2495. Defendant YING LI RESTAURANT c/o YING LI RESTAURANT, INC., Registered Agent: WEI BIN TANG, located at 342 W SAN YSIDRO BLVD STE N, SAN YSIDRO, CA 92173.

2. The words Plaintiff and Plaintiffs as used herein specifically include NONI GOTTI.

3. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers,

1                                                                                                      COMPLAINT

employees, agents, of Defendant YING LI RESTAURANT. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

5.  Plaintiff NONI GOTTI (hereinafter "Plaintiff") has physical and mental impairments and due to these impairments she has successfully learned to walk with a service animal. Plaintiff said physical and mental impairments substantially limit one or more of the following major life activities including but not limited to: walking and clinical depression. Plaintiff has a long history of mental impairments. Plaintiff's doctor required her to travel with a service dog as a non-medicated treatment for her conditions. Defendants refused Plaintiff entrance due to the dog or have a policy prohibiting service dogs.

6.  Plaintiff has physical and mental impairments because their conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff said physical impairments substantially limits one or more of the following major life activities. In addition, Plaintiff cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

7.  On May 18, 2008, Plaintiff NONI GOTTI desired to visit Defendants' public accommodation facilities located at Property Address: 342 W SAN YSIDRO BLVD, SAN

YSIDRO, CA 92173-2495 to utilize their goods and/or services. When Plaintiff NONI GOTTI desired to patronize Defendants' public accommodation facilities, she was unable to use and/or had difficulty using the public accommodations' facilities including but not limited to the barriers to access listed herein and said facilities were not accessible because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24 Building Code Requirements. Defendants failed to remove barriers to equal access within their public accommodation facilities as required.

8.  Plaintiff NONI GOTTI personally experienced difficulty with said access barriers as listed herein to the present Complaint at Defendants' public accommodation facilities located on the Property and/or has knowledge of said access barriers and is presently deterred from accessing the public accommodation. Plaintiff alleges that these known barriers to access are not an exhaustive list of the barriers to access that exist at Defendants' facilities.

9.  Defendants failed to provide auxiliary aids and services that are necessary to ensure equal access to the goods, services, privileges, or accommodations that it offers. Title 28, part 36.303 of Code of Federal Regulations states:

(a) General. A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense.

(b) Examples. The term "auxiliary aids and services" includes:

    (1) Qualified interpreters, notetakers, computer-aided transcription services, written materials, telephone handset amplifiers, assistive listening devices, assistive listening systems, telephones compatible with hearing aids, closed caption decoders, open and closed captioning, telecommunications devices for deaf persons (TDD's), videotext

displays, or other effective methods of making aurally delivered materials available to individuals with hearing impairments;

(2) Qualified readers, taped texts, audio recordings, Brailled materials, large print materials, or other effective methods of making visually delivered materials available to individuals with visual impairments;

(3) Acquisition or modification of equipment or devices; and

(4) Other similar services and actions.

(c) Effective communication. A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities.

10. Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants' facility. Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the architectural barriers precluded equal access. First, Plaintiff will prove that Defendants had actual knowledge that the architectural barriers precluded equal access and that the noncompliance with ADAAG as to accessible entrances was intentional. Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers. Third, Defendants have no plans to remodel. Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage. Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers. Plaintiff alleges any alternative methods preclude integration of disabled patrons, as it requires them to use second-class facilities. Also, expert testimony will show the facility contained inaccessible features. Plaintiff alleges businesses often state that they have few customers with disabilities. Plaintiff alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing such businesses.

11. The Plaintiff went to the property 342 SAN YSIDRO BLVD W, SAN YSIDRO. The

4

COMPLAINT

property has no International Symbol of Accessibility signage at the entrance, the counter exceeds 36 inches and there are loose mats. Also, the interior accessible route is less than 36 inches and the seating is not accessible. In the restroom, towels and soap are too high, pipe is not covered and seat is at the wrong side.

12. Plaintiff intends to return to Defendants' public accommodation facilities in the immediate future. Plaintiff was deterred and is presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

13. Pursuant to federal and state law, Defendants are required t\o remove barriers to their existing facilities. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992. Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

14. Plaintiff believes and herein alleges Defendants' facilities have access violations not directly experienced by Plaintiff which would preclude or limit access by Plaintiff potentially including but not limited to violations of the ADA, ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California Building Code. Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments. Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to her disability even those barriers that are only known to exist but are not directly experienced by plaintiff. *Doran v 7-Eleven Inc*, 2007 U.S.App.Lexis 26143 (9th Cir 2007).

15. Based on these facts, Plaintiff alleges she was discriminated against each time he patronized and/or was deterred from patronizing Defendants' facilities. Plaintiff was extremely upset due to Defendants' conduct.

16. Plaintiff is not required to provide notice to the defendants prior to filing a complaint and/or to recover attorney fees and costs. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832

COMPLAINT

(9th Cir 2000). *Skaff v Meridien*, 2007 U.S. App. LEXIS 25516 (9th Cir 2007).

## WHAT CLAIMS ARE PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT

17. Defendants YING LI RESTAURANT and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

18. Plaintiff avers that the Defendants are liable for the following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

Claim I

19. Based on the facts stated above, Defendants discriminated against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation as Defendants own, lease (or lease to), or operate a place of public accommodation in violation of 42 U.S.C. §12182.

Claim II

20. Based on the facts stated above, Defendants discriminated against Plaintiff directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity in violation of 42 U.S.C. §12182.

Claim III

21. Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S.C. §12182.

Claim IV

22. Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals.

Claim V

23. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants failed to afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual in violation of 42 U.S.C. §12182.

Claim VI

24. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control in violation of 42 U.S.C. §12182.

Claim VII

25. Based on the facts stated above, Defendants discriminated against Plaintiff as it is discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association in violation of 42 U.S.C. §12182. See Niece v. Fitzner 922 F. Supp. 1208 (1996)

Claim VIII

26. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants engaged in the specific prohibitions as stated in 42 U.S.C. §12182.

Claim IX

27. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendant failed to demonstrate that the removal of a barrier is not readily achievable, and made such goods,

services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner in violation of 42 U.S.C. §12182. Plaintiff is entitled to injunctive relief to remove all barriers to access that are related to his disability even those barriers that are only known to exist but are not directly experienced by plaintiff. *Doran v 7-Eleven Inc*, 2007 U.S.App.Lexis 26143 (9th Cir 2007).

Claim X

28. Based on the facts stated above, Defendants discriminated against Plaintiff as Defendants altered the use of their establishment in a manner that affected or could have affected the usability of the facility or part thereof and failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities in violation of 42 U.S.C. §12183.

29. WHEREFORE, Plaintiff pray for judgment and relief as hereinafter set forth.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - <u>CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS</u>

### CLAIM I: <u>Denial Of Full And Equal Access</u>

30. Based on the facts plead above and elsewhere in this complaint, Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.

### CLAIM II: <u>Failure To Modify Practices, Policies And Procedures</u>

31. Based on the facts plead above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff was subjected to discrimination in violation of Civil Code § 54.1.

### CLAIM III: <u>Violation Of The Unruh Act</u>

32. Based on the facts plead above and elsewhere herein this complaint and because

Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to knowingly discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1. Plaintiff alleges the access violations alleged here are so obvious as to implicate at least a prima facie case of discriminatory intent.

33.   Based on the facts plead above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

34.   Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

## DEMAND FOR JUDGMENT FOR RELIEF:

A.   For injunctive relief pursuant to 42 U.S.C. § 12188(a).

B.   For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

C.  For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A);

D.  In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph C above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

E.  For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

F.  For attorneys fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 52; 54.3;

G.  A Jury Trial and;

H.  For such other further relief as the court deems proper.

Respectfully submitted:

Dated: May 19, 2008

PINNOCK & WAKEFIELD, A.P.C.

By: _____
THEODORE A. PINNOCK, ESQ.
DAVID C. WAKEFIELD, ESQ.
Attorneys for Plaintiff

*Noni Gotti v. Ying Li Restaurant, et al.*
USDC, Southern District of California

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On July 11, 2008, I served the within documents:

NOTICE OF REMOVAL OF ACTION; CIVIL COVER SHEET

☐ by transmitting via facsimile number (619) 235-0398 the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ by placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery at San Diego, California, addressed as set forth below. I am readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail. Pursuant to this practice, correspondence would be deposited in the overnight box located at 530 "B" Street, San Diego, California 92101 in the ordinary course of business on the date of this declaration.

☐ by personally delivering via Knox Attorney Service the document(s) listed above to the person(s) at the address(es) set forth below.

Theodore A. Pinnock, Esq.                *Attorney for Plaintiff*
David C. Wakefield, Esq.                 *Noni Gotti*
Michelle Wakefield, Esq.
3033 Fifth Avenue, Suite 410
San Diego, CA 92103

☑ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2008, at San Diego, California.

Katy E. Mazzel

- 1 -

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Noni Gotti

### DEFENDANTS
Ying Li Restaurant

FILED
2008 JUL 11 PM 3:00
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

08 CV 1250 JLS AJB

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Theodore A. Pinnock (Bar No. 153434)
Pinnock & Wakefield, APC
3033 Fifth Avenue, Suite 410
San Diego, California 92103
Tel: (619) 858-3671

Attorneys (If Known)
Spencer C. Skeen (Bar No. 182216)
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, California 92101
Tel: (619) 238-1900

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 790 Other Labor Litigation |  | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  |  |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  |  |
|  | [X] 446 Amer. w/Disabilities – Other / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee |  |  |
|  | [ ] 440 Other Civil Rights | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 United States Code Sections 12182 and 12183

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Not specified
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: July 11, 2008
SIGNATURE OF ATTORNEY OF RECORD: *Marsha* [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 152924  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE
GC 7/11/08

American LegalNet, Inc.
www.FormsWorkflow.com

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

       # 152924      - TC
       * * C O P Y * *
          July 11, 2008
            15:05:28


        Civ Fil Non-Pris
   USAO #.: 08CV1245J
   Amount.:              $350.00 CK
   Check#.: BC2172


        Civ Fil Non-Pris
   USAO #.: 08CV1245W
   Amount.:              $350.00 CK
   Check#.: 1


        Civ Fil Non-Pris
   USAO #.: 08CV1247
   Amount.:              $350.00 CK
   Check#.: 1


        Civ Fil Non-Pris
   USAO #.: 08CV1248
   Amount.:              $350.00 CK
   Check#.: 1


        Civ Fil Non-Pris
   USAO #.: 08CV1250
   Amount.:              $350.00 CK
   Check#.: 1


        Civ Fil Non-Pris
   USAO #.: 08CV1251
   Amount.:              $350.00 CK
   Check#.: 1



   Total->  $2,100.00


   FROM: CIVIL FILINGS
```