1  Spencer C. Skeen (Bar No. 182216)
   B. Allison Borkenheim (Bar No. 230318)
2  Marsha Amin (Bar No. 238820)
   PROCOPIO, CORY, HARGREAVES &
3     SAVITCH LLP
   530 B Street, Suite 2100
4  San Diego, California 92101
   Telephone: 619.238.1900
5  Facsimile: 619.235.0398

6  Attorney for Defendant,
   YING LI RESTAURANT
7

8                 UNITED STATES DISTRICT COURT

9             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 NONI GOTTI, | Case No.: 08 cv 1250 JLS AJB |
| 11       Plaintiff, | ANSWER TO COMPLAINT |
| 12 v. | |
| 13 YING LI RESTAURANT; and DOES 1 THROUGH 10, Inclusive, | |
| 14       Defendants. | |

18        Defendant Ying Li Restaurant, for itself alone, respectfully submits this Answer to the

19  Complaint of Plaintiff Noni Gotti as follows:

20        1.    Defendant denies each and every allegation contained in Paragraph 1 of the

21  Complaint for lack of information and belief.

22        2.    Defendant affirmatively avers that no response is required to Paragraph 2 of the

23  Complaint.

24        3.    Defendant denies each and every allegation contained in Paragraph 3 of the

25  Complaint for lack of information and belief.

26        4.    Defendant denies each and every allegation contained in Paragraph 4 of the

27  Complaint for lack of information and belief.

28

**CONCISE SET OF FACTS**

5. Defendant denies each and every allegation contained in Paragraph 5 of the Complaint for lack of information and belief.

6. Defendant denies each and every allegation contained in Paragraph 6 of the Complaint for lack of information and belief. Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

7. Defendant denies each and every allegation contained in Paragraph 7 of the Complaint for lack of information and belief. Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

8. Defendant denies each and every allegation contained in Paragraph 8 of the Complaint for lack of information and belief. Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint for lack of information and belief. Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

10. Defendant denies each and every allegation contained in Paragraph 10 of the Complaint for lack of information and belief.

11. Defendant denies each and every allegation contained in Paragraph 11 of the Complaint for lack of information and belief. Defendant further alleges that they are currently in the process of investigating Plaintiff's allegations contained in this Paragraph and cannot admit or deny, and, on that basis, must therefore deny the allegations.

12. Defendant denies each and every allegation contained in Paragraph 12 of the Complaint for lack of information and belief.

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint for lack of information and belief. Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

1  14.   Defendant denies each and every allegation contained in Paragraph 14 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

15.   Defendant denies each and every allegation contained in Paragraph 15 of the Complaint for lack of information and belief.

16.   Defendant denies each and every allegation contained in Paragraph 16 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

## WHAT CLAIMS ARE PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT

17.   Defendant affirmatively avers that no response is required to Paragraph 17 of Plaintiff's Complaint.

18.   Defendant denies each and every allegation contained in Paragraph 18 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

19.   Defendant denies each and every allegation contained in Paragraph 19 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

20.   Defendant denies each and every allegation contained in Paragraph 20 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

21.   Defendant denies each and every allegation contained in Paragraph 21 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

22.   Defendant denies each and every allegation contained in Paragraph 22 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

1   23.    Defendant denies each and every allegation contained in Paragraph 23 of the
2   Complaint for lack of information and belief.  Defendant further alleges that the allegations
3   contained in this Paragraph call for a legal conclusion and are denied on that basis.

4   24.    Defendant denies each and every allegation contained in Paragraph 24 of the
5   Complaint for lack of information and belief.  Defendant further alleges that the allegations
6   contained in this Paragraph call for a legal conclusion and are denied on that basis.

7   25.    Defendant denies each and every allegation contained in Paragraph 25 of the
8   Complaint for lack of information and belief.  Defendant further alleges that the allegations
9   contained in this Paragraph call for a legal conclusion and are denied on that basis.

10  26.    Defendant denies each and every allegation contained in Paragraph 26 of the
11  Complaint for lack of information and belief.  Defendant further alleges that the allegations
12  contained in this Paragraph call for a legal conclusion and are denied on that basis.

13  27.    Defendant denies each and every allegation contained in Paragraph 27 of the
14  Complaint for lack of information and belief.  Defendant further alleges that the allegations
15  contained in this Paragraph call for a legal conclusion and are denied on that basis.

16  28.    Defendant denies each and every allegation contained in Paragraph 28 of the
17  Complaint for lack of information and belief.  Defendant further alleges that the allegations
18  contained in this Paragraph call for a legal conclusion and are denied on that basis.

19  29.    Defendant denies each and every allegation contained in Paragraph 29 of the
20  Complaint for lack of information and belief.  Defendant further alleges that the allegations
21  contained in this Paragraph call for a legal conclusion and are denied on that basis.

22  30.    Defendant denies each and every allegation contained in Paragraph 30 of the
23  Complaint for lack of information and belief.  Defendant further alleges that the allegations
24  contained in this Paragraph call for a legal conclusion and are denied on that basis.

25  31.    Defendant denies each and every allegation contained in Paragraph 31 of the
26  Complaint for lack of information and belief.  Defendant further alleges that the allegations
27  contained in this Paragraph call for a legal conclusion and are denied on that basis.

28

1  32.  Defendant denies each and every allegation contained in Paragraph 32 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

33.  Defendant denies each and every allegation contained in Paragraph 33 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

34.  Defendant denies each and every allegation contained in Paragraph 34 of the Complaint for lack of information and belief.  Defendant further alleges that the allegations contained in this Paragraph call for a legal conclusion and are denied on that basis.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a separate and affirmative defense, Defendant alleges that the Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### **SECOND AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

As a separate and affirmative defense, Defendant alleges that the Court has no subject matter jurisdiction over the claims alleged in the Complaint because, among other things, Defendant is informed and believes that Plaintiff is not within the class that the Americans With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability, and Plaintiff is not aggrieved persons under the Americans With Disabilities Act.

### **THIRD AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

As a separate and affirmative defense, Defendant alleges that Plaintiff has no standing to assert the claims alleged in the Complaint because, among other things, Defendant is informed and believe that Plaintiff is not within the class that the American With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and Plaintiff is not

aggrieved persons under the Americans With Disabilities Act nor any other law similar to or authorizing suits under the Americans With Disabilities Acts.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations, Doctrine of Laches)

As a separate and affirmative defense, Defendant is informed and believes, and thereon allege that, as to each alleged cause of action, Plaintiff's Complaint is barred by the statute of limitations and doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

As a separate and affirmative defense, Defendant alleges that Plaintiff failed to give timely notice, if any, of her claim and Defendants have been substantially prejudiced thereby.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiffs Have Failed to Exhaust Administrative Remedies)

As a separate and affirmative defense, Defendant alleges Plaintiff has failed to exhaust the administrative remedies available to her under 42 U.S.C. section 12188, 42 U.S.C. section 2000a-3(c), and California Civil Code section 55.1, and thus, is not entitled to any relief.

## SEVENTH AFFIRMATIVE DEFENSE

### (Claims Premature)

As a separate and affirmative defense, Defendant alleges that the Complaint, and every claim asserted therein, is premature.

## EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Defendant is informed and believes and on that basis alleges that it took reasonable steps to prevent and correct any barriers to access, if any, while Plaintiff unreasonably failed to use the preventative and corrective measures provided by Defendant, but unreasonably failed to take action that would have prevented or corrected the barriers she allegedly encountered. Had Plaintiff made reasonable use of Defendant's procedures, she would have prevented the harm she allegedly suffered. By reason of the foregoing, Plaintiff is barred in whole or in part from

1  recovering damages herein.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate and affirmative defense, Defendant alleges that Plaintiff has failed to mitigate her damages, if any, in connection with the matters referred to in the Complaint, and that such failure to mitigate bars and/or diminishes Plaintiff's recovery, if any, against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As separate and affirmative defense, Defendant alleges that, by reason of her conduct, Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and affirmative defense, Defendant alleges that as to each alleged cause of action, some or all of the claims for damages in the Complaint are barred in that Plaintiff has waived those claims.

## TWELFTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and affirmative defense, Defendant is informed and believes, and based thereon, alleges that Plaintiff is estopped from asserting the claims contained in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

As a separate and affirmative defense, Defendant is informed and believes, and thereon alleges, that the injuries and damages of which Plaintiff complains, and for which Plaintiff seeks recovery, if any, were the result of causes independent of any purported acts or omissions on the part of Defendant, which causes operated as intervening and superseding causes, thereby cutting off any liability on the part of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Comparative Fault)**

As a separate and affirmative defense, Defendant is informed and believes, and thereon alleges, that, to the extent that any damage sustained by Plaintiff, or any other person, was proximately caused by Plaintiffs or any other party's failure to mitigate damages by failing to exercise reasonable care in preventing such damage, Plaintiffs are barred from recovering such damages against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Mootness)**

As a separate and affirmative defense, Defendant alleges that some or all of the claims in the Complaint are moot in that Defendant is and/or has been in compliance with the laws, statutes, and regulations governing treatment of individuals with physical limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Alleged Actions Were Not Intentional)**

As a separate and affirmative defense, Defendant alleges that the discriminatory actions alleged by Plaintiff were not intentional. As a result, Plaintiff is not entitled to the relief requested in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Lack of Proximate Cause)**

As a separate and affirmative defense, Defendant alleges that no act or omission of the Defendant was the cause of Plaintiff's damages, if any. In the alternative, Plaintiff's alleged damages, if any, were proximately caused by the negligence, fault and/or conduct of persons or entities other than Defendant. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of persons or entities other than Defendant up to, and including, 100 percent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (The Premises Are In Compliance With All Applicable Laws)

As a separate and affirmative defense, that with respect to the alleged inaccessible conditions mentioned in the Complaint, Defendant denies that it has by its acts or omissions violated any federal or state law.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Equal Access)

As a separate and affirmative defense, Defendant alleges that it has modified its policies, practices and procedures as required by the ADA to afford individuals with a disability full and equal access to the goods, services, facilities, privileges, advantages and accommodations offered by the premises at issue.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Alternative Methods)

As a separate and affirmative defense, Defendant alleges that it has alternative methods of complying with the Americans With Disabilities Act, thereby providing full and equal access for individuals with a disability to the goods, services, facilities, privileges, advantages and accommodations offered at the premises at issue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Readily Achievable)

As a separate and affirmative defense, Defendant alleges that some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, is not readily achievable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Readily Available)

As a separate and affirmative defense, Defendant alleges that some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, is not readily available.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Structurally Impracticable)

As a separate and affirmative defense, Defendant alleges that some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, would be structurally impracticable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Modification of Building Required)

As a separate and affirmative defense, Defendant alleges that, at all times mentioned in Plaintiff's Complaint, admittance of Plaintiff to the subject premises would require construction, alteration, or structural modification of the subject building.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Alterations Triggering Access Requirements)

As a separate and affirmative defense, Defendant alleges that it has not carried out any construction alterations to the subject property which would trigger access requirements under federal or state law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

As a separate and affirmative defense, Defendant is informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiff's Complaint is barred as the requested relief would constitute an undue hardship on Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Defendants Are In Compliance With California Civil Code Sections 51, 52, 54 and 54.1)

As a separate and affirmative defense, Defendant alleges that, with respect to the alleged inaccessible conditions mentioned in Plaintiff's Complaint, Defendant was in compliance with California Civil Code sections 51, 52, 54 and 54.1.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Defendants Have Not Violated The Unruh Civil Rights Act)**

As a separate and affirmative defense, Defendant alleges that there has been no violation of the Unruh Civil Rights Act, in that there has been no refusal by Defendant keeping Plaintiff from entering the premises owned, operated or controlled by Defendant, and the structure of the premises allows Plaintiff to use the facilities.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Unruh Act)**

As a separate and affirmative defense, Defendant alleges that any alleged failure by Defendant to alter, repair, or modify the premises in question does not give rise to a cause of action by Plaintiff under the Unruh Act, since the Unruh Act specifically exempts such conduct from the scope of the Act.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Failure To State Grounds For Punitive Damages)**

As a separate and affirmative defense, Defendant alleges that Plaintiff's Complaint does not state facts sufficient to constitute a claim for punitive damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Civil Penalty)**

As a separate and affirmative defense, Defendant alleges that the Complaint herein fails to allege facts sufficient to state a claim for the recovery of any civil penalty from Defendant, and the imposition of such a penalty would violate the constitutional rights of Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Not Entitled To Attorneys' Fees)**

As a separate and affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiff to recover attorneys' fees.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Additional Defenses)**

As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize their claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's alleged claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs and upon the development of other pertinent information.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Reservation of Additional Affirmative Defenses)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unknown affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follow:

1. That Plaintiffs take nothing by the Complaint on file herein;
2. That judgment be entered against Plaintiffs and in favor of Defendant;
3. For attorneys' fees and costs incurred herein; and
4. For such other relief as this Court deems just and proper.

CASE NO. 08 cv 1248 JLS BLM
ANSWER TO COMPLAINT

999999/906031/943085.01

**DEMAND FOR JURY TRIAL**

This Answering Defendant hereby demands a trial by jury of all issues which are so triable.

DATED: July 18, 2008               PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:   */s/ Marsha Amin*
      Spencer C. Skeen
      B. Allison Borkenheim
      Marsha Amin
      Attorney for Defendant,
      YING LI RESTAURANT

```
 1  Spencer C. Skeen (Bar No. 182216)
    B. Allison Borkenheim (Bar No. 230318)
 2  Marsha Amin (Bar No. 238820)
    PROCOPIO, CORY, HARGREAVES &
 3     SAVITCH LLP
    530 B Street, Suite 2100
 4  San Diego, California  92101
    Telephone: 619.238.1900
 5  Facsimile: 619.235.0398

 6  Attorney for Defendant,
    YING LI RESTAURANT
 7
```

8              UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  NONI GOTTI, | Case No.:  08 cv 1250 JLS AJB |
| 11           Plaintiff, | NOTICE OF INTERESTED PARTIES |
| 12  v. | |
| 13  YING LI RESTAURANT; and DOES 1 THROUGH 10, Inclusive, | |
| 14           Defendants. | |

18      The undersigned counsel for Defendant Ying Li Restaurant certifies that the following

19  listed parties have a direct, pecuniary interest in the outcome of this case.  These representations

20  are made to enable the Court to evaluate possible disqualification or recusal.

21  <u>Party (or Parties)</u>                              <u>Attorneys</u>

22  Ying Li Restaurant                              Spencer C. Skeen, Esq.
                                                    B. Allison Borkenheim, Esq.
23                                                  Marsha Amin, Esq.
                                                    Procopio, Cory, Hargreaves & Savitch LLP
24                                                  530 B Street, Suite 2100
                                                    San Diego, CA  92101-4469
25                                                  Phone:  (619) 238-1900
                                                    Fax:  (619) 235-0398

| | | |
|---|---|---|
| 1 | DATED: July 18, 2008 | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
| 2 | | |
| 3 | | |
| 4 | | By:  /s/ Marsha Amin |
| 5 | | Spencer C. Skeen<br>B. Allison Borkenheim<br>Marsha Amin |
| 6 | | Attorney for Defendant,<br>YING LI RESTAURANT |

*Noni Gotti v. Ying Li Restaurant*
**USDC, Southern District, Case No. 08 cv 1250 JLS AJB**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On July 18, 2008, I caused to be electronically filed the within documents: **DEFENDANT YING LI RESTAURANT'S ANSWER TO COMPLAINT AND NOTICE OF RELATED CASES**

with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Theodore Pinnock; theodorepinnock@pinnockwakefieldlaw.com

Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this Certificate of Service on July 18, 2008 at San Diego, California.

/s/  *Marsha Amin*
Marsha Amin

- 1 -